# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2831-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MATTHEW A. GARCIA,

     Defendant-Appellant.

_____

Submitted May 18, 2021 – Decided June 29, 2021

Before Judges Moynihan and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-06-0708.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Matthew A. Garcia pleaded guilty to two counts of first-degree armed robbery, N.J.S.A. 2C:15-1(a)(2), agreeing they would be treated as second-degree crimes for purposes of sentencing and the State would recommend a ten-year prison term, but he would ask for a five-year sentence. At sentencing, the State modified the offer, reducing its recommendation to a maximum eight-year term and agreeing to dismiss one of the robbery counts. The judge imposed an eight-year term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed that sentence on our excessive sentencing calendar. State v. Garcia, No. A-1963-17 (App. Div. Apr. 11, 2018).

Defendant filed a timely post-conviction relief (PCR) petition. The same judge who had presided over the plea and sentencing hearings denied the petition. Defendant appeals, arguing:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL AND APPELLATE ATTORNEYS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVOCATE FOR A LOWER SENTENCE.

POINT TWO

THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON [DEFENDANT'S] PRO SE CLAIMS THAT

2

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO INVESTIGATE ADEQUATELY OR DISCUSS DEFENSES THEREBY PRESSURING HIM INTO A GUILTY PLEA, AND FOR COERCING HIM TO FORGO HIS TESTIMONY AT A TRIAL.

Defendant also argues the judge failed to consider the points he raised in his pro se PCR petition.

Reviewing the factual inferences drawn by the judge and his legal conclusions de novo because he did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we reverse and remand for the judge to address defendant's pro se PCR claims and, if they are denied, for resentencing because appellate counsel did not raise the preclusion of defendant's purported cooperation with law enforcement that may have impacted the weight attributed by the sentencing court to mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12): "The willingness of the defendant to cooperate with law enforcement authorities[.]"

We begin, however, by rejecting defendant's claim that his trial counsel was ineffective for failing to object when the sentencing judge used his "drug dependency to support a finding of aggravating factor [three,] N.J.S.A. 2C:44-1[(a)](3), the risk that the defendant will commit another offense," and, instead, argue defendant's "substance abuse history actually supported a finding of

mitigating factor [eight,] N.J.S.A. 2C:44-1[(b)](8), the defendant's conduct was the result of circumstances unlikely to recur." Defendant also contends appellate counsel was ineffective for failing to raise this issue.

In his written PCR decision, the judge found "trial counsel's lack of objection was far from unreasonable," referencing defendant's admission to the judge that he had committed the robberies to supply his drug habit. In the PCR decision, the judge noted defense counsel had "effectively tempered her client's admission by offering evidence of [defendant's] 'willingness and . . . desire to seek treatment'"; "recounted his communications with various substance abuse facilities, and his acceptance into one treatment program"; and presented testimony from defendant's "significant other . . . who testified to his efforts at overcoming his substance abuse issues."

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland v. Washington test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). On petitions brought by a defendant who has entered a guilty plea, the defendant satisfies the first Strickland-Fritz prong if he or she can show

4

that counsel's representation fell short of the prevailing norms of the legal community.  Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010).  The defendant proves the second component of Strickland-Fritz by establishing "a reasonable probability that" he or she "would not have pled guilty," but for counsel's errors.  State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

The trial judge found "[t]rial counsel's proffer of evidence of [defendant's] rehabilitation efforts credibly weighed against his admission of his substance abuse being the driving factor in committing the offenses," and concluded that proffer presented clear evidence that counsel "effectively advocated" for defendant.[1]  We agree.  As the judge noted at sentencing, defendant had "a self-reported history of substance abuse, including heroin, Percocet, crack cocaine, ecstasy, marijuana and alcohol" and had had past "[e]fforts at treatment" at three drug-treatment programs.  The judge found aggravating factor three based on that "history of substance abuse."  That finding is well-supported by defendant's own admissions.  See State v. Bieniek, 200 N.J. 601, 608 (2010) (instructing, in the context of a sentencing review on direct appeal, a "reviewing court is

---

[1]  At sentencing, the judge stated he had reviewed a sentencing memorandum prepared by defendant's counsel.  The memorandum is not included in the appellate record; we are not aware of the arguments made therein.

expected to assess the aggravating and mitigating factors to determine whether they 'were based upon competent credible evidence in the record'") (quoting State v. Roth, 95 N.J. 334, 364 (1984)).

As we noted in State v. Towey, 244 N.J. Super. 582, 593 (App. Div. 1990), aggravating factor three and mitigating factor eight are related. The sentencing judge's supported finding of aggravating factor three militated against mitigating factor eight. Defendant's good intentions and efforts at rehabilitation, as described by his counsel to the sentencing judge, had not, at the time of sentencing, resulted in any positive steps toward addressing the drug problem that he said fueled his crimes. Thus, there was no support for his argument that counsel was ineffective for failing to properly advocate for mitigating factor eight.

Defendant also argues trial counsel failed to advise the sentencing judge of defendant's provision of "important information to law enforcement in an unrelated matter" that would have impacted mitigating factor twelve, and appellate counsel failed to raise the issue on appeal. At sentencing, defendant's counsel told the judge there had been "some mitigating factor [twelve] circumstances going on since [defendant's] arrest." Continuing her request for that mitigating factor, counsel referred to her sentencing memorandum, pointing

out defendant "was initially contacted by police and agreed to willingly turn himself in. He then provided a statement and actually confessed to a separate robbery that he wasn't initially a suspect in."

The judge asked counsel "what other mitigating factor [twelve] circumstances [she was] talking about," and this colloquy followed:

> [DEFENDANT'S COUNSEL]: Since [defendant's] been arrested there have been—maybe we could talk off the record about it?
>
> [ASSISTANT PROSECUTOR]: Judge, the—the State is aware of what [defendant's counsel] is referring to. That was the basis and consideration for the State, altering its recommendation from ten to eight years.
>
> [THE JUDGE]: All right. All right. Well, I'll hear you. I'll hear you regarding that. I'll hear the State regarding—
>
> [DEFENDANT'S COUNSEL]: All right.
>
> [THE JUDGE]: —that after—
>
> [DEFENDANT'S COUNSEL]: Okay.
>
> [THE JUDGE]: —after you have your opportunity.

The record of the sentencing hearing does not reflect any further discussion of those "circumstances" until the judge began to address mitigating factor twelve during his sentencing analysis. Defendant's counsel and the judge engaged in a discussion after the judge stated:

7

[THE JUDGE]: As to mitigating factor [twelve], I'll give some weight to mitigating factor [twelve], given the State's concession on that—in that that was that was his—whatever cooperation that he rendered to the State was a factor in the State modifying its plea offer from the original plea agreement to eight-year state prison. I find nothing based upon the facts as related to me about the circumstances of that cooperation, including him going down in response to a telephone call from the police to speak to the police and then giving a confession on this case. I find nothing about those circumstances so extraordinary as to give him any further benefit of whatever cooperation that he rendered.

[DEFENDANT'S COUNSEL]: The cooperation is on a separate matter.

[THE JUDGE]: Okay.

[DEFENDANT'S COUNSEL]: And if—if Your Honor would like us to approach, I can explain the circumstances.

[THE JUDGE]: Well, unless it's going to be on the record—

[DEFENDANT'S COUNSEL]: No.

[THE JUDGE]: —I'm—I'm not going to—

[DEFENDANT'S COUNSEL]: No.

[THE JUDGE]: —consider it.

[DEFENDANT'S COUNSEL]: Okay.

> [THE JUDGE]: So I find nothing extraordinary about the extent or nature of his cooperation other than giving mitigating factor [twelve] minimal weight.

Had appellate counsel argued that the sentencing judge refused to hear the extent of defendant's further purported cooperation unless it was on the record, we would have remanded the case for resentencing. At that resentencing, the judge could have—as he should have at the initial sentencing—sealed the record pursuant to Rule 1:38-11(a) and (b), taken testimony and any other proffered proofs regarding the cooperation defendant claimed he had rendered and the State's response, made findings with regard to that evidence and determined what weight, if any, he would admeasure to mitigating factor twelve. The sentencing proceedings could then have continued after the record was unsealed.[2]

That, as the judge explained in his PCR decision, he accorded "some weight" to mitigating factor twelve because of the cooperation that had been placed on the record, did not properly account for any weight that may have been added by any additional cooperation. And, we agree with defendant that

---

[2] The judge would have to complete and file a "Judge's Report of Proceeding Ordered Closed or Record Sealed" with the vicinage assignment judge. Administrative Directive #05-10, "Closed Proceedings and Sealed Records – Requirement to Submit Reports" (Mar. 29, 2010).

the judge erroneously determined that defendant's additional cooperation, set forth in his counsel's "certification detailing his post-arrest cooperation agreement," did "not meet the 'extraordinary nature' demanded for increased mitigation under factor twelve." The Legislature did not require that defendant's willingness to cooperate with law enforcement be extraordinary. See N.J.S.A. 2C:44-1(b)(12).

Appellate counsel did not provide defendant with effective assistance. Defendant was prejudiced to the extent that the judge did not properly consider the evidence of defendant's additional cooperation. We are thus compelled to reverse the PCR judge's denial of defendant's petition.

While we would remand for resentencing consistent with this decision, we note the judge did not address the varied ineffective assistance of counsel claims set forth in defendant's pro se brief. Notwithstanding the State's counterargument that "any error is harmless[] since these claims are refuted by the record[,]" the judge was required to address all PCR arguments, R. 3:22-11; see also State v. Webster, 187 N.J. 254, 258 (2006) (requiring PCR court to consider all claims raised in petitioner's pro se brief), including those made directly by defendant. We, therefore, remand this matter so the judge can

address defendant's pro se arguments and submit an opinion or memorandum in compliance with Rule 1:7-4(a).

If defendant's arguments are rejected and his PCR petition is denied, we direct that defendant be resentenced consistent with this opinion. We leave the final determination of mitigating factor twelve and any impact on defendant's final sentence to the sentencing judge's discretion. As Justice Long explained:

> Because it is unclear to us how this case would have turned out if the trial judge had applied the proper standards, we reverse and remand the matter to him for resentencing. Nothing in this opinion should be viewed as tilting one way or the other regarding [the defendant's] ultimate sentence. Our opinion merely reaffirms that he is entitled to the application of the correct sentencing guidelines and to consideration of aggravating and mitigating factors that are supported by the record.
>
> [State v. Dalziel, 182 N.J. 494, 506 (2005).]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2831-19